In re SPENCE.

District Court, N. D. Texas, Dallas Division.
Feb. 22, 1941.

70

O. M. Street, of Dallas, Tex., for petitioner.

Joe Jones, Asst. U. S. Atty., of Dallas, Tex., opposed.

ATWELL, District Judge.

Petitioner Spence filed an application for a writ of habeas corpus, alleging, among other things not now material, that he was a voluntary patient at the United States Narcotic Farm at Lexington, Kentucky. That thereafter, upon his release, he was prosecuted for having violated the narcotic statute in the western district of Oklahoma. That upon that prosecution there was used against him, before the grand jury, a statement that he had been such patient at Lexington.

Upon that allegation, the writ was granted. At this hearing, which followed, testimony has been offered tending to show that after his release from the Lexington farm, he illegally secured narcotics upon a number of prescriptions in the various states through which he passed on his way to his home in Oklahoma.

Likewise there is shown to be in the custody of the Fort Worth narcotic institution, in which the petitioner is confined, upon a judgment of conviction from the Oklahoma court, memoranda tending to show that a narcotic officer charged with an investigation of Spence reported, to his superior, that Spence had been in the Lexington farm, and upon his release, and while en route to his home in Oklahoma, these alleged violations occurred.

No testimony is offered tending to show that that report was actually used before the grand jury, nor that the sentencing court allowed any testimony whatsoever concerning his sojourn at Lexington.

The statute invoked by him is Section 232 of Title 21 U.S.C.A. and is a part of the Act of January 19th, 1929, and is as follows: " * * * nor shall such submission be used against him in any proceeding in any court, and that the record of his voluntary commitment shall be confidential and not divulged."

This proviso of the Act is for the purpose of protecting a voluntary patient and, as shown in the front part of the sentence above quoted, is to save any such patient from a forfeiture, or abridgement of any of his rights as a citizen of the United States.

It must be conceded that it was, and is, a rule of evidence. It is hardly conceivable that a violation of a rule of evidence would justify the liberation of one who has been formally adjudged guilty of an offense. In the absence of direct proof, it must be assumed that the Oklahoma court admitted only legal testimony, and the applicant must be remanded to the custody of the prison authorities for the completion of the term for which he was sentenced by the Oklahoma court.

This order is without prejudice to his right to reapply for a writ, if it definitely appears that any improper use was made of his voluntary stay at Lexington, but it must also be observed that a violation of a rule of evidence will not necessarily support a collateral attack upon a judgment. The writ of habeas corpus, gracious and ever at the behest of the illegally confined person, will result in his discharge only for such errors, by the committing court, as result in substantial injury to him by the deprivation of some constitutional right. A confidential report by an investigating officer to his superior does not seem to be such a publication of what he discovers as will render it illegal within the meaning of the proviso of Section 232, above quoted.

Petitioner is remanded.